UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEEC ANGEL MANAGEMENT, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TSINGYUAN VENTURES LLC, et al.,<br><br>Defendants. | Case No. 24-cv-08991-EKL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 36 |

Plaintiffs TEEC Angel Management LLC ("TAM"), TEEC Angel Fund IV ("Fund 4"), and TSVC Fund V ("Fund 5") (collectively, "Plaintiffs" or "TSVC") assert claims for false designation of origin and false advertising under the Lanham Act, 11 U.S.C. § 1125(a); violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL") and common law unfair competition; and declaratory judgment. First Am. Compl., ECF No. 31 ("FAC"). The Defendants filed a motion to dismiss the first amended complaint, after which the Court heard oral argument. For the reasons provided below, Defendants' motion to dismiss is GRANTED IN PART as to the unfair competition claims asserted by TAM and Fund 4, with leave to amend, and DENIED on the remaining grounds.

**I.  BACKGROUND**

This Order assumes familiarity with the facts of the case, the applicable legal standards, and the arguments made by the parties, and discusses the facts and procedural background to the extent they are relevant to this motion.

**A.  Prior Arbitration**

In April 2021, the co-founders of TAM, Mr. Eugene Zhang and Dr. Chun Xia, commenced arbitration proceedings against Drs. Michael Jin and Jinlin Wang. Zhang and Xia alleged that Jin

and Wang, who co-founded TEEC Angel Fund III ("Fund 3") with Zhang and Xia, breached the Fund 3 operating agreement ("OA") by launching a competing venture capital firm, Tsingyuan Ventures LLC ("Tsingyuan"). Malik Decl. Ex. A at 7,[1] ECF No. 38-1 ("Arb. Award").[2] Zhang and Xia also argued that Jin and Wang breached the OA by representing their competing venture capital firm as a successor to TEEC Angel Fund I ("Fund 1"), TEEC Angel Fund II ("Fund 2"), and Fund 3 (collectively, the "TAF Funds"), and by taking credit for the TAF Funds' well-known investment track records. *See id*. at 7-8, 16.

On January 4, 2024, the arbitration panel issued a unanimous and final arbitration award in favor of Jin and Wang on the breach of contract claim. The panel found that "Respondents [Jin and Wang], like Claimants [Zhang and Xia], were [] entitled to start a successor fund" under the terms of the OA, and that doing so did not establish a breach of the OA. *Id.* at 14.[3] The panel further found that there was "nothing improper in Respondents' use of the TAF [Funds'] track records[]" because both Jin and Wang had been involved with Funds 1 and 2 as early investors. *Id.* at 16. On May 22, 2024, the San Mateo County Superior Court confirmed the award and entered judgment against Zhang and Xia. Malik Decl. Ex. I, ECF No. 38-9.

### B. Previous State Court Action

Shortly after Zhang and Xia filed their arbitration demand in 2021, TAM, Fund 2, Fund 3, and Fund 4 also filed a complaint against Jin, Wang, Tsingyuan, and Tsingyuan-related entities in Santa Clara County Superior Court, alleging breach of contract, UCL, common law unfair competition, and common law trademark infringement claims ("Santa Clara Action"). Malik Decl. Ex. C, ECF No. 38-3. The plaintiffs in the Santa Clara Action – including TAM and Fund 4, Plaintiffs here – dismissed their case on May 31, 2024. Mayilyan Decl. Ex. B, ECF No. 43-2.

---

[1] The Court refers to the consecutive pagination in the Arbitration Award that Defendants added to this document. *See* Malik Decl. ¶ 2, ECF 38.

[2] The parties' requests for judicial notice of arbitration filings, court records, and other matters of public record are GRANTED. *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1154 (N.D. Cal. 2014) ("A court may take judicial notice of documents filed in judicial or administrative proceedings . . . and documents that are public record." (internal citation omitted)).

[3] The Court refers to the consecutive pagination in the Arbitration Award that Defendants added to this document. *See* Malik Decl. ¶ 2, ECF 38.

## C. Present Action

Plaintiffs initiated this action in the Santa Clara County Superior Court on November 8, 2024. ECF No. 1-2. This action was removed to this Court on December 12, 2024. ECF No. 1. Plaintiffs allege that Tsingyuan and three other entities, Tsingyuan Ventures I GP LLC, Tsingyuan Ventures II GP, LLC, and Foothill Ventures III GP, LLC (collectively, "Defendants" or "Foothill"),[4] have falsely claimed they are the successors to the TAF Funds, and have improperly taken credit for the TAF Funds' track record, effectively usurping the TEEC brand and creating public confusion in the venture capital community. *See* FAC. After Foothill filed their first motion to dismiss, Plaintiffs filed the operative complaint on February 7, 2025. ECF 27, 31.

## II. DISCUSSION

Defendants move to dismiss the complaint on three grounds: (1) the previous arbitration bars Plaintiffs' claims on res judicata and collateral estoppel grounds; (2) Plaintiffs' claims are time-barred; and (3) Plaintiffs have failed to state plausible claims and have not alleged false advertising with the required particularity, in contravention of Federal Rule of Civil Procedure 9(b).

### A. Collateral Estoppel and Res Judicata Do Not Bar Plaintiffs' Claims at the Pleadings Stage.

The Court finds that the doctrines of collateral estoppel and res judicata do not bar Plaintiffs' claims at the pleadings stage and denies the motion on these grounds.

A final arbitration award can have collateral estoppel or res judicata effect. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1321 (9th Cir. 1997). "A prior determination by a tribunal will be given collateral estoppel effect when (1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated and (3) necessarily decided; (4) the doctrine is asserted against a party to the former action or one who was in privity with such a party; and (5) the former decision is final and was made on the merits." *Kelly v. Vons Cos.*, 67 Cal. App. 4th

---

[4] In the Arbitration Award, the panel referred to Tsingyuan and Foothill Ventures interchangeably. *See, e.g.* Arb. Award. at 7, 9. Because, unlike the arbitration, this case involves multiple Tsingyuan entities, including Foothill Ventures III GP, LLC, the Court distinguishes between Tsingyuan and Foothill throughout this Order accordingly, depending on whether it is discussing the arbitration or the present action.

3

1329, 1339 (1998). "Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

On the other hand, res judicata requires "(1) an identity of claims, (2) a final judgment on the merits, and (3) [identity or] privity between the parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). Any "claims that were raised or could have been raised in the prior action" are barred from subsequent litigation. *W. Radio Servs.*, 123 F.3d at 1192.

According to Foothill, based on collateral estoppel or res judicata, the panel's findings as to Zhang and Xia's breach of contract claim bar Plaintiffs' Lanham Act and unfair competition claims in this case. The Court assumes, for purposes of this Order, that the panel's factual findings would be binding on this proceeding. However, Foothill did not request that the Court adopt specific factual findings or articulate specific elements of Plaintiffs' claims that would be barred. Rather, Foothill asked the Court to find that the doctrine of collateral estoppel fully disposes of Plaintiffs' claims.[5] Accordingly, the Court declines to find, at this time, that the panel's findings preclude specific factual allegations or elements of Plaintiffs' Lanham Act claims since that request is not before the Court.[6]

---

[5] At the hearing, Foothill indicated that the Court should adopt some or all of the panel's findings at this time, even if it found that the claims were not barred. *See, e.g.*, Hr'g Tr. at 16-17, 35-36.

> The Court: Would it be appropriate at the motion to dismiss stage to make those findings, that those certain facts were already precluded in terms of this litigation?
>
> Mr. Silbert: I think at a minimum I think the Court – yes, I think that is the predicate for the analysis. And then it's what flows from that, does that result in the dismissal of the claims or not? But I think certainly what is decided is decided.

*Id.* at 35-36. However, Foothill did not delineate the individual findings it was asking the Court to adopt. And neither Plaintiffs nor Foothill addressed whether adopting such findings at the pleadings stage would be appropriate.

[6] This is without prejudice to Foothill requesting such relief at a later stage in the litigation.

4

### 1. Arbitration Panel's Findings

Zhang and Xia's sole cause of action in the arbitration was for breach of contract of Fund 3's OA. Zhang and Xia asserted that Jin and Wang violated the OA's non-compete provisions by forming Tsingyuan, a competing venture capital firm. Zhang and Xia also asserted that Jin and Wang breached the confidentiality provision of the OA by disclosing confidential information of Fund 3 to third parties; using confidential information about Fund 3 to form and operate Tsingyuan; using the confidential investment record of Fund 3 to solicit investors for Tsingyuan; and using confidential information regarding Fund 3's portfolio companies to invest in those companies on behalf of Tsingyuan, rather than Fund 3. Malik Decl. Ex. B ¶¶ 42-43, ECF No. 38-2.

The panel found that Tsingyuan's formation complied with Fund 3's OA and the associated Limited Partnership Agreement, which permitted Fund 3 members to form successor funds where certain conditions were met. Arb. Award at 13-14. Relatedly, the panel found there was no evidence in the record that Tsingyuan competed with Fund 3, or that Jin and Wang failed to disclose investment opportunities to Zhang and Xia. *Id*. at 14.

In addition, the panel found that Jin and Wang did not breach the OA's confidentiality provision by using Fund 3 information to secure investment funds. It also found Jin was able to secure investment funds through his own contacts, and that Zhang and Xia failed to show that any of the information used was confidential. *Id*. at 15-16. The panel concluded there was "nothing improper" in Jin and Wang's use of the Fund 1 and Fund 2 track records. *Id*. at 16. Fund 1 was "a product of [Jin and Wang's] involvement," as reflected by Zhang's carry table, in which he assigned a 14.2% interest in Fund 1 to Jin and a 6% interest to Wang. As for Fund 2, both Jin and Wang were on the investment committee "and were assigned by Mr. Zhang, an even higher percentage than they had been with respect to [Fund 1]." *Id*.

### 2. Collateral Estoppel

Under the doctrine of collateral estoppel, the panel's factual findings do not dispose of Plaintiffs' false designation of origin claim, nor their false advertising claim.

5

### a. False Designation of Origin Claim

To state a claim for false designation of origin under the Lanham Act, Plaintiffs must allege that (1) Foothill "use[d] a designation (any word, term, name, device, or any combination thereof) or false designation of origin"; (2) "the use was in interstate commerce"; (3) "the use was in connection with goods or services"; (4) "the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of [Foothill] with another person, or (b) as to the origin, sponsorship, or approval of [Foothill's] goods, services, or commercial activities by another person"; and (5) "plaintiff has been or is likely to be damaged by these acts." *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 949 (S.D. Cal. 2016) (citing *Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 928 (C.D. Cal. 1996)). "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service." *Id.* (quoting *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir.1998)).

Plaintiffs allege that Foothill's statements describing the Foothill funds as successors to the TAF Funds, and misrepresenting the track records and performance of the TAF Funds as that of Foothill, "tend to falsely represent that Foothill's services originate from TSVC's [services] or that TSVC has sponsored, approved, or otherwise endorsed Foothill's claims that it is in some way affiliated or connected with TSVC." FAC ¶ 73 ("Indeed, Defendants' false and misleading representations have already caused confusion among prospective investors in TSVC, potential portfolio companies, and the Silicon Valley VC community at large.").

The panel's findings do not appear to address the specific issues posed by Plaintiffs' false designation of origin claim. For example, the panel found Jin and Wang did not breach the OA by citing "to [the] prior investment performance of" the TAF Funds when reaching out to potential investors in Tsingyuan. Arb. Award at 16-17. However, the panel did not decide whether Jin and Wang held Tsingyuan out as a successor-in-interest of the TAF Funds, nor whether it was proper for them to do so, for purposes of a false designation of origin claim. The panel also did not consider other elements of Plaintiffs' claim, including whether (1) Tsingyuan's use of the TSVC brand would be likely to cause confusion among "reasonably prudent consumer[s]" as to TSVC's

1    "affiliation, connection, or association" with Tsingyuan; or (2) any such confusion has damaged
2    Plaintiffs.  Obesity Rsch. Inst., 165 F. Supp. 3d at 949.  Because the panel's findings did not
3    address the specific allegations or issues underpinning Plaintiffs' false designation of origin claim,
4    the collateral estoppel doctrine does not bar this claim.

            **b.**   **False Advertising Claim**

6      Similar reasoning applies to Plaintiffs' false advertising claim.  To state a claim for false
7    advertising under the Lanham Act, Plaintiffs must allege (1) "a false statement of fact by [Foothill]
8    in a commercial advertisement about its own or another's product"; (2) "the statement actually
9    deceived or has the tendency to deceive a substantial segment of its audience"; (3) "the deception
10   is material, in that it is likely to influence the purchasing decision"; (4) Foothill "caused its false
11   statement to enter interstate commerce"; and (5) TSVC "has been or is likely to be injured as a
12   result of the false statement, either by direct diversion of sales from itself to defendant or by a
13   lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*,
14   108 F.3d 1134, 1139 (9th Cir. 1997) (citing *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection
15   Serv., Inc.*, 911 F.2d 242, 244 (9th Cir.1990)).  "To demonstrate falsity within the meaning of the
16   Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by
17   necessary implication, or that the statement was literally true but likely to mislead or confuse
18   consumers."  *Obesity Rsch. Inst.*, 165 F. Supp. 3d at 949.

19     The panel did not consider whether Tsingyuan made a false statement in a commercial
20   advertisement concerning either its products or TSVC's products – let alone whether such a
21   statement "was literally true but likely to mislead or confuse consumers."  *Obesity Rsch. Inst.*, 165
22   F. Supp. 3d at 949; *see also Southland Sod Farms*, 108 F.3d at 1139.  Nor did the panel make
23   factual findings as to whether Tsingyuan's statements were material, in that they were likely to
24   influence potential investors; whether such statements deceived, or tended to deceive, a substantial
25   number of potential investors in the TAF Funds; or whether the alleged confusion has damaged
26   the Plaintiffs.  *Id*.  Given the panel's findings do not address the contentions or issues pertaining to
27   Plaintiffs' false advertising claim, the collateral estoppel doctrine is inapplicable to this cause of
28   action.

7

### 3. Res Judicata

At this stage, the record is unclear as to whether Plaintiffs could and should have asserted their Lanham Act and unfair competition claims in the arbitration. As a result, the Court finds the doctrine of res judicata is inapplicable to Plaintiffs' claims.

Foothill argues that TSVC's claims are barred by res judicata because Zhang and Xia could and should have asserted them in the arbitration. In opposition, TSVC point out that, during the arbitration, Jin and Wang filed a motion in limine, opposing the admission of evidence related to a potential trademark claim purportedly because it would have enlarged the issues before the panel and delayed the proceedings. Mayilyan Decl. Ex. A at 4, ECF No. 43-1.

At the hearing, however, Foothill emphasized that Jin and Wang had moved to compel all of Plaintiffs' claims in the earlier Santa Clara Action to arbitration – including the trademark infringement and unfair competition claims – but that Plaintiffs had opposed those efforts, resulting in the state court staying the case. Hr'g Tr. at 11-12. Plaintiffs objected to this characterization of the Santa Clara Action by arguing that their goal was to bring the unfair competition and Lanham Act "claims in [Santa Clara state] court with a jury" and have their "day in court." *Id*. at 41.

Given the parties disagree about the potential scope of the earlier arbitration and state court proceedings and the record is far from clear in this regard, the Court is unable to discern whether TSVC could or should have asserted their present claims in the arbitration. Thus, based on the current record, the Court concludes that res judicata does not bar Plaintiffs' claims.[7]

### B. The Unfair Competition Claims of TAM and Fund 4 are Time-Barred.

The Court finds that the unfair competition claims asserted by TAM and Fund 4 are time-barred and grants the motion with leave to amend as to these claims. A four-year statute of limitations applies to the Plaintiffs' unfair competition claims. Cal. Bus. & Prof. Code § 17208; *see also AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 843, 959 (N.D. Cal. 2015) ("The statutes of limitations for statutory and common law unfair competition claims are . . . four years."). "A motion to dismiss based on the running of the statute of limitations may be granted only if the

---

[7] This does not foreclose this argument or defense from being raised later in the litigation.

8

assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (per curiam). Under California law, the date of accrual is when the plaintiff was "on notice of a potential claim." *MGA Ent., Inc. v. Mattel, Inc.*, 41 Cal. App. 5th 554, 563 (2019).

Fund 4 was launched in October 2016. FAC ¶ 46. According to the complaint, Plaintiffs were on notice that Defendants' alleged representations were causing harm to TAM and Fund 4 by October 2020, if not earlier. *See* FAC ¶¶ 45, 55 (alleging that "Foothill began to misrepresent its affiliations with TSVC shortly after it was launched[]" in October 2016, and Tsingyuan's website "expressly stated" in 2018 that Tsingyuan was "a successor fund to TEEC Angel Fund"); *id.* ¶ 57 n.7 ("[S]ince at least 2018[,]" Foothill's misrepresentations caused confusion and gave "the false impression that TSVC and its funds are associated with . . . the Chinese government."); *id.* ¶ 66 ("[D]uring a meeting . . . in October 2020, [a] potential investor told Mr. Zhang and Dr. Xia" that after reviewing Tsingyuan's track record, which claimed identical investments, he "declined to consider investing in Funds 4 or 5."). Plaintiffs filed their original complaint in November 2024. ECF 1 ¶ 1. Because this complaint was filed more than four years after Plaintiffs were put on notice of these supposed representations, their unfair competition claims are time-barred, unless a tolling doctrine applies.

Plaintiffs appear to argue that the continuous accrual doctrine tolls the statute of limitations as to the UCL claim.[8] *See* Opp. at 20-21 (arguing that more recent misrepresentations "constitute[d] new violation[s]"), ECF No. 41. This doctrine provides that "a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period." *Farrell v. Boeing Emps. Credit Union*, No. 16-cv-02711, 2016 WL 6093239, at *3 (N.D. Cal. Oct. 19, 2016) (citation omitted) (quoting *Aryeh v. Canon Bus. Sols., Inc.,* 55 Cal. 4th 1185, 1192 (2013)). Notably, "while the doctrine of continuous accrual may apply to unfair competition

---

[8] At the hearing, Plaintiffs argued that the state court order staying the claims in that case pending arbitration tolled the statutes of limitations for the Lanham Act and unfair competition claims asserted by TAM and Fund 4. Hr'g Tr. at 27-28. However, Plaintiffs conceded that they had not raised tolling in their papers and requested leave to amend the complaint. *Id.* at 28.

claims . . . , what is dispositive is 'the nature of the right sued upon and the circumstances attending its invocation,' not the labeling of the cause of action." *Ramirez v. Navarro,* No. 23-55112, 2024 WL 1874993, at *2 (9th Cir. Apr. 30, 2024) (citation omitted) (finding the doctrine inapplicable where the defendant "never had an ongoing, recurring obligation to the" plaintiffs).

The continuous accrual doctrine does not toll TAM and Fund 4's claims because Plaintiffs have not identified any continuing or recurring obligations between the parties, which triggered a new limitations period when breached. *Id.* Fund 5 is somewhat differently situated. The complaint alleges that Fund 5 was not launched until 2021. FAC ¶¶ 21, 47. Given the original complaint was filed in November 2024, the allegations in the complaint do not establish that Fund 5's unfair competition claims are barred by the four-year statutory period. ECF 1.

Based on the above, the four-year statute of limitations bars the unfair competition claims of TAM and Fund 4, but not the claims asserted by Fund 5. The denial as to Fund 5 is without prejudice to Foothill raising this defense later in the litigation.

**C.     Plaintiffs' Lanham Act Claims Are Not Barred by the Doctrine of Laches.**

Plaintiffs' Lanham Act claims are not precluded by the doctrine of laches. The Lanham Act does not contain a statute of limitations, *Miller v. Glenn Miller Prods.*, 318 F. Supp. 2d 923, 942 n.11 (C.D. Cal. 2004), but "[i]t is well established that laches is a valid defense to Lanham Act claims, including those for false advertising," *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). "Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that 'one who seeks the help of a court of equity must not sleep on his rights.'" *Id*. (internal quotation marks and citations omitted). If a Lanham Act claim is filed within the analogous state limitations period, the strong presumption is that laches does not apply. *Id.* If, however, the claim is filed after the analogous state limitations period has run, the presumption is that laches bars the plaintiff's claims. *Id*. Plaintiffs agree that the relevant state statutory period is four years. Opp. at 21-22 (citing four-year period applicable to UCL claims under Cal. Bus. & Prof. Code § 17208, and four-year "catch-all" period under Cal. Civ. Proc. Code § 343). The limitations period runs from the time the plaintiff "knew or should have known" about its claim. *Jarrow*, 304 F.3d at 838.

10

1    Foothill argues that Plaintiffs' Lanham Act claims are barred by laches because Plaintiffs
2    waited an unreasonably long period of time before filing suit. As the party asserting laches,
3    Foothill must show that Plaintiffs' delay in filing suit was unreasonable, and that Foothill would
4    suffer prejudice caused by the delay if the suit were to continue. *Jarrow*, 304 F.3d at 838. "A
5    claim of laches depends on a close evaluation of all the particular facts in a case." *Kourtis v.*
6    *Cameron*, 419 F.3d 989, 1000 (9th Cir. 2005) (noting that a laches claim "is seldom susceptible of
7    resolution by summary judgment," and "[a]t the motion-to-dismiss phase, the obstacle to asserting
8    a successful laches defense is even greater because the defendant must rely exclusively upon the
9    factual allegations set forth in the complaint"). Whether the presumption of laches arises "turns on
10   when the plaintiff knew or should have known of the alleged infringement and whether the
11   plaintiff delayed more than the allowable time period, which is typically a fact question." *Planet*
12   *Drum Found. v. Hart*, No. 17-CV-02676-JCS, 2017 WL 4236932, at *7 (N.D. Cal. Sept. 24, 2017)
13   (finding that it was premature to find on a motion to dismiss that plaintiff's 17-year delay in
14   asserting its Lanham Act claim was unreasonable).

15   Defendants' allegations do not establish that Plaintiffs' delay in filing suit was
16   unreasonable and, in any event, whether the Lanham Act claims should have been asserted earlier
17   is a question of fact that is inappropriate for resolution on a motion to dismiss. As discussed
18   above, the original complaint filed in November 2024 – about a month after the four-year statute
19   of limitations had run – alleges that Plaintiffs knew by October 2020 that Foothill was taking
20   credit for the TAF Funds' investment track record, and that public confusion regarding Foothill's
21   representations was causing harm. *See* FAC ¶ 66. Accordingly, the Court finds that TSVC's
22   Lanham Act claims are not barred by the doctrine of laches. This is without prejudice to Foothill
23   raising this defense in a later dispositive motion. The Court does not reach Plaintiffs' remaining
24   arguments concerning laches.

**D.    Plaintiffs Have Stated Plausible Claims and Satisfied the Heightened Pleading Requirements For Purposes of Their False Advertising Claim.**

TSVC has stated plausible claims, for purposes of Federal Rule of Civil Procedure 12(b)(6), and has met the requirements of Federal Rule of Civil Procedure 9(b) with respect to

their false advertising claim.

#### 1. Rule 12(b)(6)

Defendants argue that Plaintiffs' claims must be dismissed under Rule 12(b)(6), because their allegations are contrary to the panel's findings. Mot. at 22. The Court finds that, although the panel's findings may later limit Plaintiffs' allegations and the elements of each claim that are at issue, the panel's findings do not "fatally undermine[]" Plaintiffs' claims at the pleadings stage. *See id*.

#### 2. Rule 9(b)

Foothill also asserts that Plaintiffs' false advertising claim fails to satisfy the heightened pleading standard under Rule 9(b). *See 23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018) (noting that although district courts in California have split on whether Rule 9(b) applies to such claims, "the better reasoned authority is that, where a Lanham Act claim is predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation, then Rule 9(b) is applicable").

The Court holds that Plaintiffs' allegations satisfy Rule 9(b). Plaintiffs identify specific statements by Foothill regarding Plaintiffs' investments, which Foothill placed into interstate commerce. FAC ¶ 56. Plaintiffs allege that Foothill's statements actually deceived, or had the tendency to deceive, target investors. *Id*. ¶ 83. Plaintiffs allege facts showing that the statements were material, *id*. ¶ 76, and that the statements "necessitated corrective action, including targeted campaigns to clarify TSVC's ownership of its track records[,]" *id*. ¶ 87. The Court finds that these allegations satisfy the heightened pleading standard and denies the motion on this ground. *See, e.g.*, *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 636 (N.D. Cal. 2019) ("[A]t the pleading stage the plaintiff need only allege specific misleading statements and explain why they are misleading in accordance with Rule 9(b).").

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion, with leave to amend as to TAM and Fund 4's UCL and common law unfair competition claims, and DENIES the motion in all other respects. Plaintiffs TAM and Fund 4 have one final opportunity to plausibly allege timely

1  claims for unfair competition and may file a second amended complaint within 14 days of this
2  Order.
3      **IT IS SO ORDERED.**
4  Dated: August 13, 2025

_____
Eumi K. Lee
United States District Judge