UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEEC ANGEL MANAGEMENT, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TSINGYUAN VENTURES LLC, et al.,<br><br>Defendants. | Case No. 24-cv-08991-EKL   (VKD)<br><br>**ORDER RE NOVEMBER 17, 2025 DISCOVERY DISPUTE RE NON-PARTY SUBPOENAS**<br><br>Re: Dkt. No. 90 |

Plaintiffs TEEC Angel Management, LLC, TEEC Angel Fund IV, LLC, and TSVC Fund V, LLC ("Plaintiffs") and defendants Tsingyuan Ventures LLC, Tsingyuan Ventures I GP LLC, Tsingyuan Ventures II GP LLC, and Foothill Ventures III GP LLC ("Defendants"), together with 39 unidentified non-parties ("Non-Parties"), ask the Court to resolve a dispute concerning Plaintiffs' document subpoenas to Non-Parties. Dkt. No. 90. The Court heard oral argument on this dispute on January 13, 2026. Dkt. No. 98.

At issue are identical document subpoenas that Plaintiffs have served on at least 39 limited partners in Defendants' investment fund. Dkt. No. 90 at 1; Dkt. No. 90-1. The subpoenas seek the same seven categories of documents. *See* Dkt. No. 90-1 at ECF 10-11. Defendants and Non-Parties move to quash the subpoenas, arguing that Plaintiffs should not be permitted to obtain responsive documents from Non-Parties because (1) Plaintiffs seek the discovery for an improper purpose, (2) the subpoenas unduly burden Non-Parties, and (3) Plaintiffs should first seek responsive documents from Defendants. Dkt. No. 90 at 2-4. Plaintiffs respond that the subpoenas seek only a "limited production" of documents and "most if not all" require the production of documents that are solely within the possession of the Non-Parties and "not in Defendants'

possession." *Id.* at 5.[1]  According to the current case schedule, the deadline for completion of fact discovery is August 3, 2026.  Dkt. No. 92.

The scope of discovery available by document subpoena under Rule 45 of the Federal Rules of Civil Procedure is the same as the scope of discovery available under Rule 34.  *See* Fed. R. Civ. P. 45, advisory committee's note to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").  A party may obtain discovery of any non-privileged matter that is relevant to a party's claim or defense in the action, so long as that discovery is also proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  However, Rule 45 also requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(1), (3)(A)(iv).  Additionally, Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).

None of Plaintiffs' document requests can fairly be described as seeking a "limited" production of documents from Non-Parties.  All are broadly drafted to encompass "all documents or communications" regarding more specifically defined subject matter, and the requested production is not limited by date.  More importantly, contrary to Plaintiffs' representations, all but two of the document requests ask Non-Parties to produce documents that ought to be available from Defendants in the first instance.  *See* Dkt. No. 90-1 at ECF 10-11 (RFPs 3-7, requesting documents sent to or received from Defendants).  Although Plaintiffs criticize the nature and extent of Defendants' document production to date, Plaintiffs have not taken steps to compel Defendants' production of documents in their possession, nor do Plaintiffs identify any category of documents that they cannot obtain from Defendants directly.  "There is simply no reason to

---

[1] Plaintiffs also argued that some Non-Parties had not timely objected to the subpoenas at issue. Dkt. No. 90 at 5.  However, at the hearing, Plaintiffs clarified that they do not contend that any of the Non-Parties seeking relief in this discovery dispute proceeding had failed to timely object to the subpoenas.

2

burden nonparties when the documents sought are in possession of the party defendant." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena to non-party where documents requested were in possession of party); *see also LegalZoom.com v. Rocket Law. Inc.,* No. 12-cv-00942 GAF, 2015 WL 12832823, at *2 (N.D. Cal. Mar. 23, 2015) (denying motion to compel on same ground).

Only two requests, RFPs 1 and 2, appear to seek documents that are likely to be within Non-Parties' possession, and not Defendants' possession. *See* Dkt. No. 90-1 at ECF 10 (requesting documents regarding Non-Parties' analysis of and decision to invest in Defendants' fund). Plaintiffs do not explain in the joint discovery dispute letter why they seek documents responsive to RFPs 1 and 2 or how such documents are relevant to a claim or defense in this case. *See* Dkt. No. 90 at 5. At the hearing, Plaintiffs offered that the requested documents may be relevant to issues of reliance, causation, and damages. However, even crediting that belated argument, RFPs 1 and 2 are overbroad and seek discovery that is not proportional to the needs of the case.

For these reasons, the Court quashes the subpoenas served on Non-Parties to the extent those subpoenas seek documents responsive to RFPs 3-7, as this discovery is presumptively available from Defendants. The Court does not quash the subpoenas with respect to RFPs 1 and 2; however, Non-Parties are not required to respond to RFPs 1 and 2 until the presiding judge decides the pending motion for partial summary judgment. At the very least, resolution of that motion appears likely to impact the scope of relevant production responsive to these requests. The Court expects that, following resolution of the motion, the scope of RFPs 1 and 2 will be modified by agreement, or if necessary, by the Court,[2] without the need to re-serve the subpoenas.

On the present record, the Court does not find that Plaintiffs served the subpoenas in order to harass or embarrass Defendants and/or Non-Parties, and the Court does not quash the subpoenas on that basis.

---

[2] If there is no agreement on the proper scope of RFPs 1 and 2, the parties and non-parties may submit the dispute to the Court using the Court's expedited discovery dispute resolution procedure.

**IT IS SO ORDERED.**

Dated: January 15, 2026

                                                              Virginia K. DeMarchi
                                                              United States Magistrate Judge