UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TEEC ANGEL MANAGEMENT, LLC, et al.,

Plaintiffs,

v.

TSINGYUAN VENTURES LLC, et al.,

Defendants.

Case No.  24-cv-08991-EKL   (VKD)

**ORDER RE APRIL 3, 2026 DISCOVERY DISPUTE**

Re: Dkt. No. 127

In response to the Court's March 17, 2026 order (Dkt. No. 115), the parties advise that they have "largely reached agreement" regarding a stipulated request to stay discovery pending resolution of defendants' anticipated motion for partial summary judgment.  Dkt. No. 127 at 1. However, they report that a narrow, discrete dispute remains regarding discovery plaintiffs say they require from defendants, notwithstanding the parties' willingness to otherwise agree to a stay of discovery.  *Id*.  The parties ask the Court to resolve this dispute.  The Court finds this matter suitable for resolution without oral argument.  *See* Civil L.R. 7-1(b).

Plaintiffs ask the Court to order defendants to produce documents sufficient to show:

    a.  each different pitch deck and item of marketing material utilized by Foothill since inception (including any PPM, one-pager, the "marketing assets" in Foothill's Google drive repository, and all marketing materials shared at Raise Global 2023);

    b.  for each item in a., the identity of each recipient of the item; and

    c.  compliance with the SEC New Marketing Rule and Advisors Act Recordkeeping Rule.

Dkt. No. 127 at 1-2.  Defendants indicate that, in an effort to reach a reasonable compromise, they

will produce, by May 29, 2026, the documents described in Item a., as well as "records of the TAF funds' performance that [defendants] used to describe those funds' performance in its marketing materials," which defendants characterize as "the underlying records" described in Item c.[1]  *Id.* at 2.  Defendants object to providing the information called for by Item b.—namely, the identity of each recipient of the marketing materials in Item a.

Plaintiffs assert, somewhat ambiguously, that they require information identifying the recipients of defendants' marketing materials to "confirm the alleged false and/or misleading representations" in those materials.  *Id.* at 3.  Defendants argue that it would be unduly burdensome to require them to collect and review ESI spanning more than nine years to determine which items of marketing collateral were sent to which recipients.  *Id.* at 2.

The Court commends the parties for their efforts to reach agreement on a practical approach to prioritizing some discovery while seeking a stay of the remainder.  With respect to the dispute regarding Item b., the Court infers that plaintiffs seek this information in order to determine which alleged false or misleading representations were made to which investors or prospective investors in defendants' funds.  *See* Dkt. No. 103 at 14:7-15:22.  It is not clear how many recipients Item b. might encompass, but the record reflects that there may be at least 67 actual investors in defendants' funds, plus an unknown number of prospective investors.  *See* Dkt. No. 90 (dispute re plaintiffs' subpoenas directed to 67 limited partners in defendants' funds). Plaintiffs do not explain why they need to know, at this stage of the case, which marketing materials were sent to which investors or prospective investors, nor do they address defendants' argument regarding the burdensome nature of the search Item b. appears to require.  In short, plaintiffs have not provided the Court with an adequate justification for the full scope of discovery encompassed by Item b.

Accordingly, the Court orders defendants to produce documents sufficient to show the information and materials described in Items a. and c., above, by May 29, 2026.

//

---

[1] Plaintiffs do not take issue with defendants' characterization of the scope of Item c.  *See* Dkt. No. 127 at 3.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: April 6, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

3