UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEEC ANGEL MANAGEMENT, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TSINGYUAN VENTURES LLC, et al.,<br><br>Defendants. | Case No.  24-cv-08991-EKL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 129 |

Before the Court is Defendants' motion to dismiss Plaintiffs' third amended complaint. Mot. to Dismiss, ECF No. 129 ("Mot.").  Defendants argue that Plaintiffs' complaint should be dismissed because:  (1) the unfair competition claims are untimely; (2) the Lanham Act claims are barred by the doctrine of laches; and (3) the declaratory judgment claim cannot stand alone if the other claims are dismissed.[1]  Defendants also contend that Plaintiffs have failed to cure the group pleading issue the Court identified in its previous order and fail to meet the Federal Rule of Civil Procedure 9(b) pleading standard.  The Court heard argument on June 4, 2026.  ECF No. 140. After carefully reviewing the relevant filings, the Court GRANTS the motion to dismiss the unfair competition claims against Foothill Management and Foothill I and otherwise DENIES the motion.

---

[1] This Order assumes the reader's familiarity with the facts, procedural history, applicable legal standards, and arguments made by the parties.  Plaintiffs are three related investment funds: TEEC Angel Management, LLC ("TAM"), TEEC Angel Fund IV, and TSVC Fund V (collectively, "TSVC").  Defendants are four related investment funds:  Tsingyuan Ventures LLC ("Foothill Management"), Tsingyuan Ventures I GP LLC ("Foothill I"), Tsingyuan Ventures II GP LLC ("Foothill II"), and Foothill Ventures III GP LLC ("Foothill III") (collectively, "Foothill").

United States District Court
Northern District of California

### A.    Unfair Competition Claims

Defendants argue that Plaintiffs' unfair competition claims are untimely. Mot. at 3-4. A four-year statute of limitations applies to these claims. Cal. Bus. & Prof. Code § 17208; *see also AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 959 (N.D. Cal. 2015) ("The statutes of limitations for statutory and common law unfair competition claims are . . . four years."). Under California law, "the statute of limitations runs from 'the occurrence of the last element essential to the cause of action.'" *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191 (2013) (citation modified). Because the statute of limitations is an affirmative defense, Defendants bear the initial burden of establishing that the claims are untimely, after which "the burden shifts" to Plaintiffs "to demonstrate [their] claims survive based on one or more nonstatutory exceptions to the basic limitations period." *Id.* at 1197. "That burden may be imposed even at the pleading stage." *Id*.

With respect to Foothill Management and Foothill I, Plaintiffs' unfair competition claims accrued in 2017. Plaintiffs allege that both entities began operations on January 10, 2017, and "began the alleged false designations of origin and false advertising," as well as the misrepresentations regarding TAM's Zoom investment, that year. Third Am. Compl. ¶¶ 33, 46, 121-122, ECF No. 113 ("TAC"). These claims are untimely because the original complaint was not filed until November 8, 2024 – long after the four-year limitations period expired. Compl., ECF No. 1-2.

As to Foothill II and Foothill III, Defendants have not met their burden of establishing Plaintiffs' unfair competition claims against these Defendants are untimely. Defendants' sole argument is that because the Court previously found Plaintiffs' unfair competition claims accrued in 2017, the Court should make the same finding here as to Foothill II and III. Mot. at 3-4. But in its previous order, the Court found Plaintiffs engaged in improper group pleading by failing to identify the alleged wrongful conduct by each individual Defendant. *TEEC Angel Mgmt., LLC v. Tsingyuan Ventures LLC*, No. 24-cv-08991-EKL, 2026 WL 1660035, at *1-2 (N.D. Cal. Feb. 27, 2026) ("MTD SAC Order"). As discussed below, however, the operative complaint does not engage in improper group pleading, and the Court can now determine the different accrual dates for the claims against each Defendant.

2

In their third amended complaint, Plaintiffs allege that Foothill II began its operations in January 2020, and began making misrepresentations of the TAM track record, including its investments in Zoom, sometime that year.  TAC ¶¶ 53, 123.  Plaintiffs allege that Foothill III began its operations in 2023 and began making misrepresentations that year.  TAC ¶¶ 15, 60, 124.  Given that the complaint was filed in November 2024, Plaintiffs' claims against Foothill III are timely.  As to Foothill II, it is unclear when the claims against this Defendant accrued in 2020.  Given that this case is at the pleading stage, Defendants have not met their burden to establish that the unfair competition claims against Foothill II are untimely.

Because Plaintiffs' claims against Foothill Management and Foothill I are untimely, the Court examines whether a tolling doctrine applies.  Although Plaintiffs do not explicitly invoke a tolling doctrine, they argue that "[t]he continuing false advertising by each Defendant" renders their claims timely.  Opp. to Mot. to Dismiss at 3-4 (citation omitted), ECF No. 133 ("Opp.").  This appears to be an attempt to invoke the continuous accrual doctrine.  *Aryeh*, 55 Cal. 4th at 1192 (Under the doctrine, "a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period").  The Court previously found this doctrine inapplicable because Plaintiffs did not identify a proper ongoing, recurring obligation owed to them.  MTD SAC Order at *3; *see also Aryeh*, 55 Cal. 4th at 1199.  Plaintiffs have not cured this deficiency in their third amended complaint despite receiving several opportunities to do so.  Thus, Plaintiffs' untimely unfair competition claims against Foothill Management and Foothill I are dismissed with prejudice.[2]

### B.    Lanham Act Claims

Defendants contend that the Lanham Act claims for false designation of origin and false advertising under 15 U.S.C. § 1125(a) are barred by the doctrine of laches.  Mot. at 4-6.  "It is well

---

[2] *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (holding that failure to correct pleading deficiencies after dismissal is a "strong indication" that further amendment would be futile); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996))).

United States District Court
Northern District of California

United States District Court
Northern District of California

established that laches is a valid defense to Lanham Act claims[.]" *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (collecting cases). "[A] laches determination is made with reference to the limitations period for the analogous action at law. If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable. However, if suit is filed outside of the analogous limitations period, courts often have presumed that laches is applicable." *Id.* (citations omitted). Ultimately, "[a] party asserting laches must show that it suffered prejudice as a result of the plaintiff's unreasonable delay in filing suit." *Id.* (collecting cases).

The Court finds that Defendants have failed to make the required showing for laches at this stage.[3] First, determining whether Plaintiffs' delay in bringing suit was unreasonable involves a fact-intensive inquiry and courts have declined to decide this issue at the motion to dismiss stage. *See, e.g.*, *Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir. 2005); *Planet Drum Found. v. Hart*, No. 17-cv-02676-JCS, 2017 WL 4236932, at *7 (N.D. Cal. Sep. 24, 2017) (finding that it was premature at the motion to dismiss stage to determine whether plaintiff's 17-year delay in asserting its Lanham Act claim was unreasonable). Second, even if the Court found the delay was unreasonable as a matter of law, Defendants have failed to establish prejudice based on the four corners of the complaint. Defendants contend that they have suffered prejudice because they have already incurred significant litigation costs and have referred to themselves as successors to Plaintiffs' funds for many years. Mot. at 5. These arguments require the Court to make factual findings that are not appropriate at this stage of the litigation. Defendants cite to *Jarrow* in support of the application of laches here, but *Jarrow* was decided at the summary judgment stage. 304 F.3d at 833, 839-40. Thus, the Court declines to find that laches bars the Lanham Act claims at this time.

---

[3] At the motion hearing, the parties agreed that the relevant analogous limitations period is four years based on the state law unfair competition claims. However, some authority indicates that the relevant period is three years when the Lanham Act claim sounds in fraud. *See Jarrow*, 304 F.3d at 838; *see also Cabell v. Zorro Prods. Inc.*, No. 15-cv-00771-EJD, 2017 WL 2335597, at *10 (N.D. Cal. May 30, 2017) (collecting cases). The Court does not resolve this issue at this time.

United States District Court
Northern District of California

**C.    Rule 8 and Rule 9(b)**

Defendants maintain that the operative complaint violates the pleading standards under Federal Rule of Civil Procedure 8 based on the same improper group pleading identified in the Court's prior order and Federal Rule of Civil Procedure 9(b).  Mot. at 6-9.

Beginning with group pleading, in order to satisfy the Rule 8 pleading standard, "a plaintiff must identify what action each Defendant took that caused Plaintiff's harm, without resort to generalized allegations against Defendants as a whole."  *Sorenson v. County of Lake*, No. 21-cv-09681-TLT, 2023 WL 1934506, at *4 (N.D. Cal. Jan. 13, 2023) (citation modified).  Plaintiffs have done so here.  While many of the general references to "Foothill" or "Defendants" remain in the operative complaint, the complaint now clarifies against which Defendant each claim is brought and specifies the relevant period and conduct for each claim.  For instance, the operative complaint alleges that Foothill III "in concert with Foothill Management has . . . engaged in additional advertising that uses the goodwill established by TAM and its previous track record from 2023 through 2025, including during a presentation at the October 2023 Raise Global conference in San Francisco."  TAC ¶ 68.  Likewise, as to each Defendant, the complaint includes allegations indicating their years of operation and when the alleged wrongful conduct began.  *See, e.g., id.* ¶¶ 121-24 ("Beginning in 2017 and continuing to the present, Foothill I . . . has stated and/or implied that it had involvement and responsibility for achieving prior performance results for investments in Zoom and other investments for which no Foothill I . . . personnel had any involvement or responsibility.").  These allegations are sufficient to put Defendants on notice as to the claims against each Defendant.

Next, "Rule 9(b) requires that parties state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged."  *Bodenburg v. Apple Inc.*, 146 F.4th 761, 771 (9th Cir. 2025) (citation modified).  "[A]t the pleading stage the plaintiff need only allege specific misleading statements and explain why they are misleading in accordance with Rule 9(b)."  *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 636 (N.D. Cal. 2019).  Plaintiffs have met the Rule 9(b) standard because the operative complaint alleges specific statements each Defendant made that were misleading and

5

United States District Court
Northern District of California

explains why they were misleading.  *See, e.g.*, TAC ¶¶ 13-15, 67, 93, 121-124.  For example, Plaintiffs allege that "Foothill routinely goes so far as to claim credit for investments in specific unicorn companies that were in fact made by TSVC, long before Foothill was even formed in 2017."  *Id.* ¶ 14 (discussing specific promotional material for Foothill II).  Such allegations are sufficient to satisfy Rule 9(b).

### D.   Declaratory Judgment

Defendants assert that because all of Plaintiffs' substantive claims fail, their declaratory judgment claim cannot stand alone.  Mot. at 9.  "The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court."  *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (citation omitted).  However, given that other claims survive dismissal, including the unfair competition claims against Foothill II and Foothill III and the Lanham Act claims against all Defendants, the Court declines to dismiss the declaratory judgment claim.

### E.   Conclusion

For the foregoing reasons, the Court DISMISSES the unfair competition claims (third and fourth claims for relief) asserted by all Plaintiffs against Foothill Management and Foothill I with prejudice.  The Court DENIES Defendants' motion as to the remaining claims and Defendants.

**IT IS SO ORDERED.**

Dated:  June 11, 2026

Eumi K. Lee
United States District Judge